NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FLOORGRAPHICS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil No. 04-3500 (AET) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| NEWS AMERICA MARKETING | : | |
| IN-STORE SERVICES, INC., and | : | |
| | : | |
| NEWS AMERICA MARKETING | : | |
| IN-STORE, INC., | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Plaintiff Floorgraphics, Inc.'s Motion for Reconsideration of the Court's September 29, 2006 Order, granting Defendants' Motion to Dismiss Count Four of the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided this Motion after reviewing the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Plaintiff's Motion is Granted.

### PROCEDURAL HISTORY

Because the background of this case was set forth in this Court's Opinion of September 29, 2006 ("Opinion") the Court will limit the recitation of the facts to only that which is relevant to the Motion at hand. The Opinion granted Defendants' Motion to Dismiss Count Four of Plaintiff's Third Amended Complaint ("Complaint"). Count Four alleged that Defendants

tortiously interfered with a contract ("Contract") between Plaintiff and Kmart. Defendants in their Motion to Dismiss argued that Plaintiff was collaterally estopped from arguing tortious interference because an order from the Bankruptcy Court had preclusive effect as to that issue. Plaintiff had argued to the Bankruptcy Court that Kmart and Plaintiff had a continuing Contract at the time Defendants contracted with Kmart. Kmart made an in limine motion to bar Plaintiff's proof of its relationship with Kmart, a letter dated March 24, 1998 (the "Kramer Letter"), as parol evidence. The Bankruptcy Court agreed with Kmart and barred the Kramer Letter.

Defendants argued, before this Court, that the Bankruptcy Court's ruling should be given preclusive effect and prevent Plaintiff from alleging that the Contract's term extended beyond March 17, 2002. Defendants argued that Plaintiff's Count Four must be dismissed because without the Kramer Letter Plaintiff was unable to allege tortious interference. In contrast, Plaintiff argued that the Bankruptcy Court's ruling should not preclude the issue because, among other reasons, it was not "final." Plaintiff argued that an order on a motion in limine, by its very nature, can never be "final."

The Opinion noted a ruling that is "avowedly tentative" cannot have preclusive effect. Glictronix Corp. v. Am. Tel. & Tel., 605 F. Supp. 552, 573 (D.N.J. 1984) (quoting Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir.), cert denied, 368 U.S. 986 (1961)). However, the Opinion determined that whether a motion in limine is tentative is a fact-specific analysis. See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 517 (3d Cir. 1997). Upon examining the Bankruptcy Court's ruling, the Court found that nothing about it suggested that it was "tentative" and thus the Court concluded that the ruling was preclusive. It is this conclusion that Plaintiff asks the Court to reconsider.

2

ANALYSIS

"[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).  A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

In the instant case, Plaintiff argues that it has satisfied all of the above criteria, warranting reconsideration by this Court.  Following the Opinion, Plaintiff made a motion before the Bankruptcy Court to reconsider its ruling that excluded the Kramer Letter.  (Pl.'s Br. Ex. B.)  The Bankruptcy Court chose to defer on Plaintiff's motion for reconsideration.  (Pl.'s Br. Ex. B at 21.)  However, within its order deferring on the motion, the Bankruptcy Court did state its prior in limine order barring the Kramer Letter was "speculative" and "conditional."  Id. at 9 (citations omitted).  Accordingly, Plaintiff argues before this Court that the Bankruptcy Court's clarification proves its prior ruling was tentative and thus cannot support issue preclusion.

Defendants argue that Plaintiff's position is without merit because the Bankruptcy Court did not alter its January 25, 2006 in limine ruling, but rather, deferred on Plaintiff's motion for reconsideration.  Defendants further argue that Plaintiff presents no new issues, but instead asks this Court to reconsider that which it has already considered.  The Court concludes that Plaintiff has raised a new development that bears directly on the underpinnings of the Opinion.  The new development presented by Plaintiff demonstrates that the Bankruptcy Court's ruling was

"avowedly tentative." Max's Seafood Cafe, 176 F.3d at 677 (a court will grant a motion for reconsideration where there has been an intervening change in the controlling law; or new evidence becomes available that was not previously available).

This matter was initially before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). Defendants based their argument for dismissal of Count Four solely on the fact that the Bankruptcy Court ruled the Kramer Letter was inadmissible parol evidence that could not be used to show the existence of a continuing contract between Plaintiff and Kmart. (Defs.' Br. in Supp. of Mot. to Dismiss at 6-12.) That ruling could support issue preclusion only if it was not tentative. Glictronix Corp., 605 F. Supp. at 573. The Bankruptcy Court's recent pronouncement makes clear that its earlier ruling was tentative, and thus could not support this Court's finding of issue preclusion. Id. Therefore, Defendants' Motion to Dismiss must fail. See Hishon v. King & Spalding, 467 U.S. 69, 72 (1984) (holding that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations).

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 10th day of April, 2007,

ORDERED that Plaintiff's Motion for Reconsideration is GRANTED; and it is further

ORDERED that this Court's Order dated September 29, 2006 is modified so as to REINSTATE Count Four of Plaintiff's Third Amended Complaint.

                                                s/Anne E. Thompson
                                                ANNE E. THOMPSON, U.S.D.J