UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **FLOORGRAPHICS, INC.,** | : | Civil Action No. 04-3500(AET) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION |
| **NEWS AMERICA MARKETING IN-STORE SERVICES, INC., et al.,** | : | |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Defendants News America Marketing In-Store Services, LLC and News America In-Store, LLC ("Defendants") for a Protective Order. Plaintiff FLOORgraphics, Inc. ("Plaintiff") opposes the motion. This case involves Plaintiff's claims of unfair competition and tortious interference with its existing or prospective business relationships with the retailers and consumer packaged goods manufacturers ("CPGs") identified in Plaintiff's complaint. Following two separate conferences, the Court limited discovery to (1) Defendants' communications with retailers and CPGs named in Plaintiff's complaint and (2) certain documents created by Defendants between November 1, 2001 and November 1, 2002. Approximately three weeks before the March 30, 2007 close of discovery, Plaintiff served a subpoena on Insignia, a third party competitor of Defendants, in the District of Minnesota seeking all documents related to communications between Defendants and retailers or CPGs. The Court reviewed the written submissions of the parties and conducted oral argument on May 31, 2007. For the reasons that follow, Defendants' motion for a protective order is granted.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is in the business of providing in-store marketing services on behalf of consumer

packaged good manufacturers ("CPGs").  (Pl.'s Compl. at ¶ 7).  Specifically, Plaintiff sells retail in-store floor advertising by contracting with manufacturers to place advertisements on the floors of retail stores.  Id. at ¶ 8.  On July 19, 2004, Plaintiff filed a complaint against Defendants alleging (1) tortious interference with contractual relations and (2) interference with business relationship/prospective contractual relations.  (See Pl.'s Compl.).  Plaintiff contends, *inter alia*, that Defendants falsely claimed Plaintiff failed to install a large percentage of ads that it contracted to install.  (Pl.'s Opp. Br. at 6).

Throughout the ongoing discovery process, Plaintiff has sought broad discovery from Defendants.  During a conference on April 11, 2006, the Court issued an Order restricting Plaintiff's discovery regarding Defendants' communications with retailers and CPGs to those specific retailers and CPGs named in Plaintiff's Complaint.  (See Defs.' Ex. A).  Subsequently, in a teleconference on July 19, 2006, the Court further limited certain discovery to documents created by Defendants between November 1, 2001 and November 1, 2002.  (See Defs.' Ex. B).

Insignia, a third party competitor of Defendants located in the District of Minnesota, has been involved in at least two separate litigations with Defendants.  (See Insignia Systems, Inc. v. News America Marketing In-Store, Inc., Civ. No. 04-4213 (JRT/AJB) (D. Minn. 2004); see also Defs.' Mem. at 1; Pl.'s Br. at 1).  Discovery in those two matters is governed by protective orders that restrict the use of that discovery for the purposes of those cases only.  (Defs.' Mem. at 3). Plaintiff first sought the documents produced by Defendants to Insignia in discovery requests dated June 12, 2006.  Id.  Defendants opposed these requests and the Court did not require the production of these documents.  Id. at 4.  Plaintiff attempted to obtain these documents a second time through a subpoena issued to Constantine Cannon LLP, Defendants' outside counsel for the Insignia litigations, on June 16, 2006.  Id.  Upon Constantine Cannon's motion, the Court

quashed the subpoena in its entirety.  (See Dkt. no. 04-3500, entry no. 96).

On March 14, 2007, approximately three weeks before the March 30, 2007 close of discovery, Plaintiff served the instant subpoena on Insignia in Minnesota.  Id.  Insignia is not a CPG named in Plaintiff's complaint.  Defendants moved in the District of Minnesota to stay and remit enforcement of the subpoena to the District of New Jersey.  Id. at 6.

Defendants filed the present motion for a protective order on April 13, 2007.  (See Dkt. no. 04-3500, entry no. 130).  Defendants argue that they have standing to challenge the subpoena pursuant to Federal Rule of Civil Procedure 26.  (Defs.' Mem. at 6).  Defendants further argue that this Court should require Plaintiff to withdraw the subpoena because Plaintiff is attempting to circumvent the Court's previous Orders limiting discovery.  Id. at 7.  Defendant also argues that the documents Plaintiff seeks are protected under protective orders entered in the unrelated cases between Insignia and Defendants.  Id. at 11.  Defendants seek attorneys' fees and costs incurred in challenging Plaintiff's subpoena.  Id. at 13.

Plaintiff opposes the motion and contends that Defendants' motions in both Minnesota and New Jersey are untimely because they exceeded the fourteen-day period for objections to the subpoena.  (Pl.'s Opp. Br. at 3).  Plaintiff further contends that this Court does not have jurisdiction over the subpoena, which was issued in the District of Minnesota.  Id.  Plaintiff asserts that Defendants do not have standing to challenge the subpoena.  Id. at 4.  Alternatively, Plaintiff argues that Plaintiff's subpoena does not violate any Court Orders and that the documents it seeks are highly relevant to Plaintiff's claims.  Id.

On May 23, 2007, Judge Raymond L. Erickson, Chief United States Magistrate Judge for the District of Minnesota, issued an Order in response to Defendants' Motion to stay and remit enforcement of the subpoena filed in Minnesota.  (See Order Granting Mot. Stay/Remit

Subpoena, J. Erickson, May 23, 2007).  In that Order, Judge Erickson held that "judicial efficiency, as well as the comity which extends between Federal Courts, commends our stay of the enforcement of the Subpoena at issue here, as well as any further consideration of the issues presented, until after the District Court for the District of New Jersey considers News America's Motion for a Protective Order."  Id. at 6.  Judge Erickson then remitted consideration of the issues arising from enforcement of the subpoena to this Court.  Id. at 7.  Judge Erickson went on to find that (1) Defendants have sufficient standing to challenge the subpoena and (2) Defendants' motion to stay is timely.  Id. at 8, 10.  Therefore, the only issue before this Court is the propriety of a protective order limiting discovery by precluding, in this case, the information sought in the Minnesota subpoena pursuant to Federal Rule of Civil Procedure 26(c).

**II.     DISCUSSION**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides as follows:

> [F]or good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . .

FED. R. CIV. P. 26(c); see Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).  Upon a showing of good cause, the Court may, in its discretion, enter a protective order "for which the movant bears the burden of persuasion."  Caver, 192 F.R.D. 154, 162 (D.N.J. 2000).

This Court limited discovery in this matter on at least two previous occasions.  On April 11, 2006, during a conference with the parties, the Court limited discovery to retailers and CPGs named in Plaintiff's Complaint.  (See Defs.' Ex. A).  Subsequently, in a teleconference on July 19, 2006, the Court further limited certain discovery to documents created by Defendants

between November 1, 2001 and November 1, 2002.  (See Defs.' Ex. B).

With the subpoena issued to Insignia, which is not a CPG named in Plaintiff's complaint, Plaintiff is seeking discovery outside the scope of that permitted in the Court's previous Orders. Pursuant to Rule 26(c), the Court can limit discovery or rule that certain discovery not be had. FED. R. CIV. P. 26(c).  The Court has already determined the appropriate scope of discovery in this case.  Plaintiff's subpoena either duplicates or exceeds this scope.  Therefore, the Court finds good cause for the entry of a protective order, and it will not permit this discovery.[1]

Additionally, Federal Rule of Civil Procedure 26(b)(2)(C)(ii) provides that discovery "shall be limited by the court if it determines that: . . . (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." FED. R. CIV. P. 26(b)(2)(C)(ii).  The Court previously noted that Plaintiff has "already had ample opportunity to conduct Discovery on this matter directly with Defendant."  (See Dkt. no. 04-3500, entry no. 96). In the present matter, Plaintiff issued the subpoena to Insignia on March 14, 2007, less than three weeks before the close of discovery on March 30, 2007.  Therefore, the Court continues to find that Plaintiff has had ample opportunity to conduct discovery pursuant to Rule 26(b)(2)(C)(ii).

Finally, this case is poised, at long last, for final resolution with a Final Pretrial Conference scheduled for July 16, 2007.  To permit further discovery now would necessarily prejudice both parties by incurring additional expense in an already expensive litigation and by diverting the focus from preparation of a Final Pretrial Order to a never-ending discovery process.

---

[1] Defendants also contend that the protective orders issued in the cases involving Insignia require the Court to find that a protective order is appropriate in this matter.  The Court notes that based on the decision here, it need not reach this issue.

**IV.	CONCLUSION**

For the reasons expressed here, the Court finds good cause for the entry of a protective order, pursuant to Rule 26(c).  The Court also finds that Plaintiff has had ample opportunity to conduct discovery pursuant to Rule 26(b)(2)(C)(ii).  This matter is poised for final resolution and additional discovery at this stage of the litigation would create undue expense and delay.  Therefore, Defendants' Motion for a protective order is granted and this discovery is not permitted.  The Court will not award attorneys' fees or costs associated with this motion.  An appropriate Order accompanies this Memorandum Opinion.

**Dated: June 1, 2007**