**HERBERT, VAN NESS, CAYCI & GOODELL**
**A Professional Corporation**
**Steven Goodell, Esq.**
**22 Chambers Street**
**Princeton, New Jersey 08542**
**Telephone:    (609) 924-2495**
**Facsimile:    (609) 924-8732**

**MAYER BROWN LLP**
**Lee N. Abrams, Esq.**
**71 South Wacker Drive**
**Chicago, Illinois 60606**
**Telephone:    (312) 782-0600**
**Facsimile:    (312) 701-7711**

**REED SMITH LLP**
**Diane Green-Kelly, Esq.**
**10 S. Wacker Drive**
**Chicago, IL 60606**
**Telephone:    (312) 207-6407**
**Facsimile:    (312) 207-6400**

**Counsel for News America Marketing In-Store**
**Services LLC and News America Marketing In-Store LLC**

| | |
|---|---|
| **FLOORGRAPHICS, INC.**<br><br>                    **Plaintiff,**<br><br>        **v.**<br><br>**NEWS AMERICA MARKETING IN-STORE SERVICES, et al.,**<br><br>                    **Defendants.** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Civil Action No.:  04-3500 (AET)**<br><br>**Hon. Anne E. Thompson, U.S.D.J.** |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO RULE 60(b) MOTION AND**
**IN SUPPORT OF MOTION TO ENFORCE MUTUAL RELEASE**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ..................................................................................................... 3

I.    A Rule 60(b) Motion Seeks Extraordinary Relief That Cannot Be Granted Unless The Movant Establishes "Extraordinary Justifying Circumstances"—FGI Cannot Meet This Burden. ................................................................................. 3

    A.  Rule 60(b) Generally ................................................................... 3

    B.  Rule 60(b)(2). ............................................................................. 5

    C.  Rule 60(b)(3). ............................................................................. 6

    D.  Rule 60(b)(6). ............................................................................. 8

II.    Defendants Were Not Required To Produce Any Of The Materials That FGI Cites. ......................................................................................................... 9

III.    FGI's Motion Also Should Be Denied Because FGI Did Not File It Within A Reasonable Time, As Rule 60(b) Requires. ................................................ 14

IV.    The Release That FGI Agreed To Should Be Enforced To Bar FGI's Motion. ............. 16

CONCLUSION .................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

CASES

Ackermann v. United States,
340 U.S. 193 (1950)............................................................................................5

Amoco Overseas Oil v. Compagnie Nationale Algerienne de Navigation,
605 F.2d 648 (2d Cir. 1979)........................................................................15, 16

Bandai America Inc. v. Bally Midway Mfg.,
775 F.2d 70 (3d Cir. 1985)................................................................................7

Betterbox Commc'ns. v. BB Techs.,
300 F.3d 325 (3d Cir. 2002)..............................................................................5

Bohus v. Beloff,
950 F.2d 919 (3d Cir. 1991)......................................................3, 4, 5, 6, 12, 14

Brown v. Pennsylvania R.R. Co.,
282 F.2d 522 (3d Cir. 1960)..............................................................................7

Budget Blinds, Inc. v. White,
536 F.3d 244 (3d Cir. 2008)..............................................................................8

Bulloch v. United States,
763 F.2d 1115 (10th Cir. 1985) ........................................................................9

Casey v. Albertson's Inc.,
362 F.3d 1254 (9th Cir. 2004) ..........................................................................7

Cendant Corp. Sec. Litig., In re,
72 F. Supp. 2d 498 (D.N.J. 1999) ...................................................................17

Citibank v. Plapinger,
485 N.E.2d 974 (N.Y. 1985)............................................................................18

Cohan v. Sicular,
625 N.Y.S.2d 278 (App. Div. 1995)..........................................................17, 18

Coltec Indus. v. Hobgood,
280 F.3d 262, 271 (3d Cir. 2002)......................................................................4

Dempsey v. Associated Aviation Underwriters,
147 F.R.D. 88 (E.D. Pa. 1993)........................................................................12

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Fonseca v. Columbia Gas Sys.*,
  37 F. Supp. 2d 214 (W.D.N.Y. 1998) ............................................................................17, 18

*Fox v. U.S. Dep't of HUD*,
  680 F.2d 315 (3d Cir. 1982)...........................................................................................4

*Galanis*, *In re*,
  71 B.R. 953 (Bankr. D. Conn. 1987) ............................................................................9

*H.K. Porter Co. v. Goodyear Tire & Rubber Co.*,
  536 F.2d 1115 (6th Cir. 1976) ...............................................................5, 6, 7, 9, 10, 13, 14

*Hailey v. City of Camden*,
  631 F. Supp. 2d 528 (D.N.J. 2009) ...............................................................................14

*Harris v. Martin*,
  834 F.2d 361 (3d Cir. 1987)...........................................................................................4

*Herring v. United States*,
  424 F.3d 384 (3d Cir. 2005)...........................................................................................4

*Immersion Corp. v. Sony Computer Entm't*,
  2006 WL 618599 (N.D. Cal. Mar. 8, 2006),
  *appeal dismissed*, 219 F. App'x 987 (Fed. Cir. 2007)................................................5, 7, 11, 13

*Menasha Corp. v. News America Marketing In-Store*,
  354 F.3d 661 (7th Cir. 2004) .........................................................................................10

*Miller v. Baker Implement Co.*,
  439 F.3d 407 (8th Cir. 2006) .........................................................................................6, 11

*MMAR Group v. Dow Jones & Co.*,
  187 F.R.D. 282 (S.D. Tex. 1999).....................................................................................6

*Moolenaar v. Government of the Virgin Islands*,
  822 F.2d 1342 (3d Cir. 1987)..........................................................................................3

*Nazi Era Cases Against German Defendants Litig.*, *In re*,
  236 F.R.D. 231, 236 (D.N.J. 2006),
  *a'ffd*, 240 F. App'x 980 (3d Cir. 2007).............................................................................4, 5

*O.N. Equity Sales v. Emmertz*,
  2008 WL 2938870 (E.D. Pa. July 20, 2008)....................................................................12

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Olick*, In re,
    311 F. App'x 529 (3d Cir. 2008) ..........................................................................15

*Panton v. Nash*,
    2007 WL 4443252, at *1 (M.D. Pa. Dec. 18, 2007),
    *aff'd*, 317 F. App'x 257 (3d Cir. 2009) ...............................................................12

*Plisco v. Union R.R. Co.*,
    379 F.2d 15 (3d Cir. 1967).................................................................................3, 4

*Smith v. Ruzzo*,
    2009 WL 349162 (D.N.J. Feb. 9, 2009) ..............................................................15

*Stridiron v. Stridiron*,
    698 F.2d 204 (3d Cir. 1983).........................................................................6, 7, 12

*Taylor*, In re,
    357 B.R. 360, 364 (Bankr. W.D. Pa. 2006),
    *appeal dismissed*, 343 F. App'x 753 (3d Cir. 2009)...............................14, 15, 16

*Tischio v. Bontex, Inc.*,
    16 F. Supp. 2d 511 (D.N.J. 1998) ..........................................................................4

*Travelers Cas. & Sur. v. Crow & Sutton Assocs.*,
    228 F.R.D. 125 (N.D.N.Y. 2005),
    *aff'd*, 172 F. App'x 382 (2d Cir. 2006)..................................................................5

*U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers*,
    601 F.2d 1269 (3d Cir. 1979)..................................................................................4

*United States v. Real Property & Residence Located at Route 1, Box 111*,
    920 F.2d 788 (11th Cir. 1991) ...............................................................................8

*Welch v. Centex Home Equity Co., LLC*,
    224 F.R.D. 490 (D. Kan. 2004)..............................................................................7

*Wesco Prods. v. Alloy Automotive*,
    880 F.2d 981 (7th Cir. 1989) .................................................................................8

STATUTES AND RULES

Fed. R. Civ. P. 26........................................................................................................11

Fed. R. Civ. P. 59(b) ....................................................................................................3

**TABLE OF AUTHORITIES**
(continued)

**Page**

Fed. R. Civ. P. 60(b) ................................................................................................ passim

Fed. R. Civ. P. 60(b)(2)..........................................................................................3, 5, 12

Fed. R. Civ. P. 60(b)(3)..........................................................................................1, 6, 7, 12

Fed. R. Civ. P. 60(b)(6)..........................................................................................1, 7, 8, 9

Fed. R. Civ. P. 60(c)(1)...........................................................................................14

## INTRODUCTION

Floorgraphics, Inc. ("FGI") seeks to reopen a case that was resolved by a judgment that was stipulated between FGI and the defendants (collectively, "News America Marketing") almost exactly one year before FGI filed its Rule 60(b) motion.  FGI's supporting memorandum ("Mem.") argues that the case should be reopened because News America Marketing supposedly violated its discovery obligations by deliberately concealing from FGI certain videotapes and documents that it should have produced in discovery.  As demonstrated below, FGI's argument is patently ridiculous.  FGI has not come close to satisfying the exceedingly high standard that Rule 60(b) requires for reopening a judgment.

All of the materials discussed in FGI's motion fall into one of three categories:

- The materials were *not* encompassed by FGI's discovery requests;

- After News America Marketing objected to producing the materials, FGI did *not* seek to compel production; or

- Magistrate Judge Hughes *denied* FGI's request that News America Marketing produce the materials.

In addition, the only item that both mentions FGI and was created within the relevant time period, a video in which the speaker discusses FGI for less than a minute, is completely innocuous and immaterial—it certainly is not a basis for reopening a judgment based on a negotiated settlement.

FGI is now requesting production of *all* of the documents that News America Marketing produced in the Valassis litigation—more than 580,000 documents, totaling several million pages—so that FGI can look for evidence that, it speculates, *might* justify relief under Rule 60(b).  See Mem. at 7 ("once FGI has been given access to the discovery from the Valassis litigation, it believes that it can also establish that it is entitled to relief under Rule 60(b)(3) and 60(b)(6)").  Rule 60(b) is not designed for this type of speculative fishing expedition, particularly

because FGI never moved in this case to compel production of the documents produced in the Valassis litigation after News America Marketing objected to FGI's request for those documents on the legitimate ground that the request was overbroad and unduly burdensome.

Not only is FGI's motion factually and legally groundless, but FGI's motion papers have withheld critically important facts from the Court:

- FGI states that it "just learned" of the basis for its motion in January 2010, when FGI executive George Rebh read about a $500 million settlement between Valassis and News America Marketing, which "[i]ntrigued" him and "triggered" further inquiry. Mem. at 3, 4, 14, 17. FGI fails to mention that in July 2009—only four months after the stipulated dismissal of this case—Valassis obtained a $300 million verdict against News America Marketing, a verdict that was reported widely at the time.[1] It is preposterous to think that the settlement with Valassis "[i]ntrigued" FGI in January 2010 and caused it to begin "an initial investigation" (Mem. at 4), but that the July 2009 verdict in favor of Valassis did not.[2] FGI also does not explain why it waited nearly eight months after that verdict before filing its Rule 60(b) motion. That unexplained lengthy delay itself warrants denial of FGI's motion.

- FGI also does not mention that, as part of the March 2009 resolution of this lawsuit, it entered into a Mutual Release in which it explicitly released News America Marketing from "all" claims of "every nature and description whatsoever, … whether known or unknown, concealed or not concealed, … ," and stated that it "ha[s] not relied upon any other statements or representations regarding this matter other than those expressly stated herein." Ex. 1 ¶¶ 2, 8.

---

[1] The July 2009 verdict came at the conclusion of a trial in the first of three cases brought by Valassis against News America Marketing. The settlement took place shortly before the second case (a federal antitrust case) was to be tried.

[2] Furthermore, the videos on which FGI premises its motion were publicly available in July 2009.

That Mutual Release bars the claims that FGI is asserting now.

<strong>ARGUMENT</strong>

**I.     A Rule 60(b) Motion Seeks Extraordinary Relief That Cannot Be Granted Unless The Movant Establishes "Extraordinary Justifying Circumstances"—FGI Cannot Meet This Burden.**

**A.     Rule 60(b) Generally.**

FGI's motion is based on Rule 60(b), which provides in pertinent part that a court may reopen a final judgment if there is

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; … or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  For the reasons explained below, Floorgraphics does not come close to satisfying the stringent requirements that a movant must satisfy in order to reopen a final judgment under any of these subsections of Rule 60(b).

A "movant under Rule 60(b) 'bears a heavy burden.'"  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quoting *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)).  The Third Circuit has long "view[ed] Rule 60(b) motions as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'"  *Bohus*, 950 F.2d at 930-31 (quoting *Plisco*, 379 F.2d at 16, and reversing the district court's grant of a Rule 60(b)(2) motion because "the record is devoid of the 'extraordinary justifying circumstances' necessary to warrant the grant of [a] new trial").  Thus, Rule 60(b) relief cannot be granted even when the court believes that a "'manifest injustice'… would occur if relief were not granted"—that "is not the standard by which a district court's discretionary power to set aside judgments is measured. … The exercise of a district court's discretionary power requires an extraordinary circumstance." *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1347 (3d Cir. 1987).  Nor is it

3

sufficient if the movant simply makes a "'showing of the potential significance of the new evidence.'" *Bohus*, 950 F.2d at 930 (quoting *Plisco*, 379 F.2d at 16).   There are no "extraordinary justifying circumstances" in this case.

Rule 60(b) motions are governed by the principle that "[t]he finality of judgments is a cornerstone of our judicial system." *Harris v. Martin*, 834 F.2d 361, 366 (3d Cir. 1987) (reversing grant of Rule 60(b) relief).  The "finality of a judgment" is "the very principle upon which our judicial system is based." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). Accordingly, "relief under Rule 60(b) is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (quoting *Harris*, 834 F.2d at 364).  *See also In re Nazi Era Cases Against German Defendants Litig.*, 236 F.R.D. 231, 236 (D.N.J. 2006) ("'[T]he general purpose of Rule 60(b) … is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done'"), *aff'd*, 240 F. App'x 980 (3d Cir. 2007) (quoting *Coltec Indus. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002)).

The already rigorous standards that apply to all Rule 60(b) motions are even more demanding when, as here, a party is attempting to reopen a *stipulated* judgment of dismissal.  As the Third Circuit has summarized, there is "voluminous case law mandating a high hurdle for Rule 60(b) relief from consensual orders." *Coltec*, 280 F.3d at 273 n.15.  See also, *e.g.*, *U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d 1269, 1274 (3d Cir. 1979) ("when, as in this case, the appellants made a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment, their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost"); *Fox v. U.S. Dep't of HUD*, 680 F.2d 315, 322 (3d Cir. 1982) (same); *Nazi Era Cases*, 236 F.R.D. at 237 (same).  This "high hurdle," *Coltec*, 280 F.3d at 273 n.15, prevents parties from later reopening a settlement when

they decide, in retrospect, that perhaps they could have struck a better deal. "'[E]ven if [plaintiff's] decision to settle was improvident in hindsight, the decision has been made and cannot be revisited'"—"'[t]here must be an end to litigation someday.'" *Nazi Era Cases*, 236 F.R.D. at 237 (quoting *Coltec*, 280 F.3d at 275, and *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).[3]

## B.    Rule 60(b)(2).

Under the first of the three subsections that FGI cites, Rule 60(b)(2), which applies to "newly discovered evidence," FGI must satisfy an "'onerous standard.'" *Travelers Cas. & Sur. v. Crow & Sutton Assocs.*, 228 F.R.D. 125, 129 (N.D.N.Y. 2005), *aff'd*, 172 F. App'x 382 (2d Cir. 2006). Under Rule 60(b)(2), a party is entitled to reopen a final judgment only if the newly discovered evidence "is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial." *Bohus*, 950 F.2d at 930.

A movant has not met its burden of "show[ing] that it exercised due diligence in attempting to obtain [the] evidence" upon which its Rule 60(b) motion is based, *Betterbox Commc'ns v. BB Techns.*, 300 F.3d 325, 332 (3d Cir. 2002) (Alito, J.), when the evidence:

(a) was not within the scope of any discovery request, *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119-20 (6th Cir. 1976);

(b) if it was within the scope of a discovery request, the movant did not seek a court order compelling the other party to produce documents that it had objected to producing, *Immersion Corp. v. Sony Computer Entm't*, 2006 WL 618599, at *17-18 (N.D. Cal. Mar. 8, 2006) (cited

---

[3]    The December 2009 suit that News America Marketing filed against FGI in this District is not seeking to "unwind the settlement." Mem. at 4 n.3. Rather, News America Marketing is seeking damages because FGI made misrepresentations in the Asset Purchase Agreement itself with respect to certain contracts that News America Marketing purchased from FGI as part of the March 2009 transaction that resolved the litigation.

Mem. at 20), *appeal dismissed*, 219 F. App'x 987 (Fed. Cir. 2007); *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006); *H.K. Porter*, 536 F.2d at 1119-20; or

(c) the court previously denied the movant's request to compel production of the documents and the movant "did not request a further order" requiring production of the documents, *H.K. Porter*, 536 F.2d at 1119-20.[4]

As discussed below (at pp. 9-14), all of the materials on which FGI's Rule 60(b) motion is based fall within these categories, and News America Marketing did not breach its discovery obligations with respect to those materials.  Furthermore, FGI cites only one video that both mentions FGI and was created by the April 11, 2006 cut-off date.  (At a status conference on April 11, 2006, Magistrate Judge Hughes limited document discovery to documents created on or before that date.  Declaration of Diane Green-Kelly ("Green-Kelly Decl.") ¶ 3 (Ex. 2); Ex. 3 at 5, 11; Ex. 4 at 2.)  And it cannot even be said that that innocuous video snippet is "material," much less that its production in discovery "would probably have changed the outcome," as Rule 60(b)(2) requires.  *Bohus*, 950 F.2d at 930.

**C.      Rule 60(b)(3).**

To prevail under Rule 60(b)(3), "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case."  *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).  "Before relief is warranted under Rule 60(b)(3) on the basis of discovery misconduct, however, the plaintiff must show that 'the challenged behavior ... *substantially* ... interfered with the

---

[4]      Citing *MMAR Group v. Dow Jones & Co.*, 187 F.R.D. 282 (S.D. Tex. 1999), FGI argues that a Rule 60(b) motion may be granted "even though no Court Order had previously required the production of the tapes."  Mem. at 20.  *MMAR* is totally inapposite.  In *MMAR*, the defendants had previously filed a motion to compel, which the court denied in part due to the plaintiff's deliberately false and "unequivocal assurances addressed to the Court" that "the 'tapes and transcripts that Defendants seek are wholly unrelated to the libelous Article that is the subject of this case.'"  187 F.R.D. at 290, 292.  Nothing remotely similar occurred here.

aggrieved party's ability fully and fairly to prepare for and proceed at trial.'" *Welch v. Centex Home Equity Co., LLC*, 224 F.R.D. 490, 495 (D. Kan. 2004). The plaintiff must show that the information not disclosed was "clearly material to the outcome of the litigation." *Bandai America Inc. v. Bally Midway Mfg.*, 775 F.2d 70, 73 (3d Cir. 1985) (holding that "[plaintiff's] proofs are lacking in [this] respect[]," and therefore rejecting an attempt to reopen a settlement under Rule 60(b)(3)). Moreover, "to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960). See also *Immersion*, 2006 WL 618599, at *18-21 (holding that the movant failed to establish fraud by clear and convincing evidence).

"[D]iscovery recalcitrance does not constitute fraud"—a defendant's "failure to respond to a request for production of [documents]" is "a run-of-the-mill discovery problem for which the rules provide remedies," if they are sought. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). As even one of the cases cited by FGI puts it, "a simple failure to respond to a request for production does not constitute fraud." *Immersion*, 2006 WL 618599, at *20 (cited Mem. at 20). A defendant's conduct "does not constitute fraud" when the plaintiff "failed to file a motion to compel production" of the documents at issue, *Casey*, 362 F.3d at 1260-61, which it could have done "if it felt that such information was important to its [case]," *Immersion*, 2006 WL 618599, at *21. Nor can a movant establish fraud under Rule 60(b) if it never requested the materials during discovery, or the district court denied a request for production and the movant did not follow up with a motion to compel production. *H.K. Porter*, 536 F.2d at 1118-20. And relief under Rule 60(b)(3) is not warranted unless the undisclosed item is "clearly material to the outcome of the litigation," *Bandai*, 775 F.2d at 73, and "prevented the moving party from fully and fairly presenting his case," *Stridiron*, 698 F.2d at 207.

### D.     Rule 60(b)(6).

"Rule 60(b)(6) exists so that courts may 'vacate judgments whenever such action is appropriate to accomplish justice' in situations that are not addressed by the other five clauses of Rule 60(b)." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008) (citation omitted). Thus, "the first three clauses and the catchall clause [Rule 60(b)(6)] are mutually exclusive"—"if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *Wesco Prods. v. Alloy Automotive*, 880 F.2d 981, 983 (7th Cir. 1989).   Accord, *e.g.*, *United States v. Real Property & Residence Located at Route 1, Box 111*, 920 F.2d 788, 791 (11th Cir. 1991) (Rule 60(b)(6) "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)").   Under Rule 60(b)(6), the "extraordinary circumstances" standard requires "a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'… But *extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices*."   *Budget Blinds*, 536 F.3d at 255 (emphasis added) (reversing an order granting Rule 60(b) relief because there were no extraordinary circumstances).

FGI asserts that News America Marketing committed a "fraud upon the Court" that justifies Rule 60(b)(6) relief here.   Mem. at 21-22.   That assertion is absurd.   As discussed in detail below (at pp. 9-14), all of the materials relied on by FGI fall into one of the following categories:

- the materials were outside the scope of FGI's discovery requests;

- FGI effectively abandoned its request for discovery of the materials by not moving to compel (thus acquiescing in News America Marketing's objections); or

- FGI effectively abandoned discovery of the materials by not seeking further relief after Judge Hughes denied FGI's discovery requests.

What is more, the concept of fraud on the court is not applicable here.   "Fraud on the

court … is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury"; thus, "allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en banc).   Accord, *H.K. Porter*, 536 F.2d at 1118 ("Allegations of nondisclosure during pretrial discovery are not sufficient to support an action for fraud on the court"); *In re Galanis*, 71 B.R. 953, 960 (Bankr. D. Conn. 1987) ("It is well established that the failure to disclose allegedly pertinent facts relating to a controversy before the court, whether to an adverse party or to the court, does not constitute 'fraud upon the court' for purposes of setting aside a judgment pursuant to F.R.Civ.P. 60(b)").   Rather, "fraud on the court" under Rule 60(b)(6) generally exists "only" if there is "evidence of 'the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated.'" *Id.*

## II.   Defendants Were Not Required To Produce Any Of The Materials That FGI Cites.

FGI is seeking to reopen a stipulated judgment of dismissal because News America Marketing allegedly withheld three categories of material that it was required to produce during discovery: (1) six video recordings from sales meetings, (2) budget books, and (3) all of the documents that News America Marketing produced in the Valassis litigation.  Contrary to FGI's assertions, News America Marketing was *not* required to produce those materials in this action.

**A. Video recordings:**  FGI argues that News America Marketing should have produced six video recordings from sales meetings (attached as Ex. C to Mem.) in response to Request No. 20 of FGI's First Request for Production of Documents (communications "related to" FGI) and Request No. 33 of FGI's Third Request for Production of Documents (documents "mentioning"

FGI in the files of people identified in the parties' initial disclosures).[5]  FGI is incorrect for the following reasons:

- Video P-00016:  This video does not mention FGI, and therefore it is not encompassed by FGI's discovery requests.  There is obviously "no evidence of fraud in the failure … to produce" documents that were "never requested."  *H.K. Porter*, 536 F.2d at 1119-20.

- Video P-0022(3):  This video also does not mention FGI.  In addition, it was created in October 2006, six months *after* the cut-off date for document production—Magistrate Judge Hughes restricted document discovery to documents that were created on or before April 11, 2006.  Green-Kelly Decl. ¶ 3 (Ex. 2); Ex. 3 at 5, 11; Ex. 4 at 2; Declaration of Mary Mattimore ("Mattimore Decl.") ¶ 4 (Ex. 5).

- Video P-0019(3):  This video does not mention FGI either.  Moreover, although FGI notes that this video mentions contracts with staggered expiration dates (Mem. at 8), none of FGI's five complaints in this case alleged that such contracts were improper.  FGI asserts that the Fourth Amended Complaint alleges that "NAM sought to stagger contracts" (*id*.), but that is not true—FGI never made any such allegation.  See Dkt. No. 108 (Fourth Amended Complaint).[6]

- Video P-00027(3):  This video does not mention FGI, and it was created in October 2006, six months after the document production cut-off date established

---

[5]    Magistrate Judge Hughes's August 15, 2006 Order narrowed Request No. 33 to cover only documents dated from November 1, 2001 to November 1, 2002, which were contained in the files of specified individuals.  See Mem., Ex. G.  As for Request No. 20, News America Marketing objected that this request was "overbroad" and "unduly burdensome," but agreed to produce "responsive documents **related to FLOORgraphics' allegations**, if any" (Mem., Ex. E, emphasis added)—*i.e.*, FGI's allegations that News America Marketing tortiously interfered with specific retailer contracts and specific CPG contracts and/or prospective business relationships.  FGI did not file a motion to compel or seek any further relief regarding Request No. 20.

[6]    Moreover, the Seventh Circuit has upheld the lawfulness of News America Marketing's staggered contracts.  See *Menasha Corp. v. News America Marketing In-Store*, 354 F.3d 661, 663 (7th Cir. 2004), where Judge Easterbrook stated:

> One might think that staggered expiration dates make entry easier; Menasha (or any other rival) can sign up chains as their exclusives expire, without having to enroll the entire retail industry at one go.  But, as Menasha sees things, the different expiration dates make it harder for a rival to sign up the *whole* retail industry at one time.  (Menasha does not notice the irony that under its reasoning this sign-up-everyone strategy would create an unlawful monopoly.  Perhaps Menasha should thank NAMIS for keeping it on the straight and narrow.)

by Magistrate Judge Hughes.  Green-Kelly Decl. ¶ 3; Ex. 3 at 5, 11; Ex. 4 at 2; Mattimore Decl. ¶ 4.   This video also mentions contracts with staggered expiration dates, which as just explained were not the subject of any of FGI's allegations in this case.

- Video P-0027:  This video was created in October 2006, six months after the document production cut-off date established by Magistrate Judge Hughes. Green-Kelly Decl. ¶ 3; Ex. 3 at 5, 11; Ex. 4 at 2; Mattimore Decl. ¶ 4.

- Video P-0015(7):   This video mentions FGI but, as the text quoted below indicates, it is not material.  This video was encompassed by FGI's Request No. 20 but, as explained in n.5 above, News America Marketing objected to that request as overbroad and unduly burdensome, and FGI did not move to compel. See *Miller*, 439 F.3d at 414 (Rule 60(b) motion denied because the movant failed to pursue discovery diligently when it did not move to compel until the court granted summary judgment); *Immersion*, 2006 WL 618599, at *17-18 (Rule 60(b) motion denied because the movant "did not exercise due diligence" when "it could have pursued the issue further with a motion to compel" but did not).[7]

Thus, only one of the videos cited by FGI, Video P-00015(7), both mentions FGI and was created before the April 11, 2006 cut-off date that Magistrate Judge Hughes established.  But FGI never moved to compel after News America Marketing objected to Request No. 20—the only document request to which that video even arguably was responsive.  In any event, that video is not material to the claims that FGI alleged in this case.  In that video, News America Marketing's CEO, Paul Carlucci, said the following about FGI at a sales conference:

On Floorgraphics, expenses from what we deduce are growing faster than revenue.  The loss of Kroger was an overwhelming, overwhelming.  I mean Marty talked about that yesterday.  They had gone out and they had sold that to their investment bankers.  We hear they are looking for more money.  I think we will be hearing from them again but by the same token we have them on the run.

Lack of success at Safeway core products ha[s] hastened their appetite to sell.  I would not be surprised if you walk into Floor—I'm glad the lawyers are here because you can say a few things.  And he didn't really say that.  I wouldn't be surprised if you went into Floorgraphics' headquarters in Princeton and their mission statement is probably on the wall and probably reads something like that or like this:  To become a nuisance to our competitors so that one of them buys us at a substantial premium.

---

[7]     Video P-0015(7) was not responsive to Request No. 33, because it was not in the files of any of the individuals who were named in the parties' initial Rule 26 disclosures. See Mattimore Decl. ¶ 5.

Mr. Carlucci's statements that FGI apparently was trying to find someone to buy the company because it was not doing well, that FGI was "on the run," and that FGI's mission statement may have been to "become a nuisance to our competitors so that one of them buys us at a substantial premium" are not material to any of the issues in this action, which involved FGI's allegations of tortious interference with contracts and/or prospective business relationships with specific retailers and specific CPGs.  This short video snippet obviously does not constitute the type of "extraordinary circumstance" required to justify relief under Rule 60(b).  *Bohus*, 950 F.2d at 930 (newly discovered evidence does not warrant relief under Rule 60(b)(2) unless it is "material and not merely cumulative" *and* "would probably have changed the outcome"); *Stridiron*, 698 F.2d at 207 (a movant is not entitled to relief under Rule 60(b)(3) unless the movant shows that the non-movant "engaged in fraud or other misconduct" that "prevented the moving party from fully and fairly presenting his case").[8]  FGI's assertion that the "videos contain explosive footage" that is "unquestionably damning" (Mem. at 3) is laughable.

**B.   Budgets:**  FGI also asserts that News America Marketing improperly failed to produce "budgets."  Mem. at 11 and Ex. J (Request No. 27 of FGI's Seventh Request for the Production of Documents).  Defendants objected to that document request (Mem., Ex. K),[9] and Magistrate Judge Hughes denied FGI's "application for production of additional documents

---

[8]      See also *Panton v. Nash*, 2007 WL 4443252, at *1 (M.D. Pa. Dec. 18, 2007) (denying Rule 60(b) motion because the newly discovered evidence "is not material"), *aff'd*, 317 F. App'x 257 (3d Cir. 2009); *O.N. Equity Sales v. Emmertz*, 2008 WL 2938870, at *7, 10  (E.D. Pa. July 20, 2008) (denying a Rule 60(b) motion because the new evidence "is not as favorable to [plaintiff's] position as [plaintiff] portrays it to be" and did not prevent plaintiff from fully and fairly presenting its case); *Dempsey v. Associated Aviation Underwriters*, 147 F.R.D. 88, 91 (E.D. Pa. 1993) (a newly discovered letter was not "material" because it "would not 'have changed the outcome'"; Rule 60(b) motion denied).

[9]      Although News America Marketing objected to producing budgets for its overall business, it *did* produce projections, budgets and pro formas regarding the profitability of the specific contracts at issue in the case.  See, *e.g.*, PX 1060, 2422, 2852, 2853 (FGI trial exhibits).

responsive to Request No. 27" (Mem., Ex. M, ¶ 5).[10]    FGI never sought further relief, thus

abandoning its request for budget documents.  See *H.K. Porter*, 536 F.2d at 1119 (no fraud on

the court under Rule 60(b) where "Goodyear requested a court order to discover such

documents," the judge "denied the request" because it was "overbroad," and "Goodyear did not

seek a further order" requiring production of the documents).

### C.  All documents that News America Marketing produced in the Valassis litigation:

FGI requested production of these documents—some 580,000 documents in all, which totaled

more than 5.6 million pages—and News America Marketing objected to FGI's request as

"overbroad" and "unduly burdensome."  Mem., Ex. I at 4-5 (Request No. 4).  FGI never moved

to compel, thus effectively abandoning this request.  See *H.K. Porter*, 536 F.2d at 1120 ("We

find in the record no request to the District Court to order production of such records.  Goodyear

has shown no fraud on the Court in this allegation"); *Immersion*, 2006 WL 618599, at *17-18

(denying Rule 60(b) motion because the movant failed to exercise due diligence—it did not file a

motion to compel after the opposing party objected to the request).[11]

---

[10]     FGI refers to certain documents that, according to FGI, "supported [FGI's] claims that
NAM engaged in unprofitable sales tactics designed to drive its competition, including FGI, out
of business."  Mem. at 12.  However, the documents cited by FGI merely state that News
America Marketing increased its prices "'to reflect the increased cost of doing business'" and to
"'reverse the side effects of recent industry price competition.'"  *Id.*  Those statements reflect
normal, reasonable business decisions, and they do not support FGI's assertions that News
America Marketing engaged in "unprofitable sales tactics" (*id.*) in order to drive competitors out
of business.

[11]     FGI tries, unsuccessfully, to show a pattern of bad conduct by asserting that News
America Marketing failed to produce documents referring to "Operation Retailer Freedom" that
were contained on the computer hard drive of Robert Emmel, a disgruntled former employee of
News America Marketing.  Mem. at 13.  Emmel had unlawfully retained a CD containing a copy
of the hard drive of his News America-issued laptop computer after News America Marketing
fired him, and he had attempted to produce it to FGI counsel during his deposition.
Significantly, after an evidentiary hearing, Magistrate Judge Hughes found "no evidence that
NAM deliberately suppressed information related to Operation Retailer Freedom."  Mem. at 13
and Ex. O at 2.  News America Marketing prevailed in its subsequent Georgia action against

In sum, FGI's motion is utterly meritless.  Either (a) the materials on which FGI's motion is based were not encompassed by FGI's discovery requests; (b) FGI abandoned its pursuit of those materials in discovery by not moving to compel production; or (c) Judge Hughes denied FGI's request that News America Marketing produce the materials.  As a result, FGI has not carried its "heavy burden" of establishing the "extraordinary justifying circumstances" that Rule 60(b) requires.  *Bohus*, 950 F.2d at 930.[12]

### III.   FGI's Motion Also Should Be Denied Because FGI Did Not File It Within A Reasonable Time, As Rule 60(b) Requires.

Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  However, a Rule 60(b) motion "'is not considered timely just because it is filed within the one-year time limit'"—the motion also must be "filed within a reasonable time."  *In re Taylor*, 357 B.R. 360, 364 (Bankr. W.D. Pa. 2006), *appeal dismissed*, 343 F. App'x 753 (3d Cir. 2009).  "'What constitutes "reasonable time" depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the

---

Emmel, obtaining a return of its confidential materials and a permanent injunction barring Emmel from disclosing any of News America Marketing's confidential information.

[12]   FGI does not cite any cases in support of its assertion that it is "entitled to obtain the materials not yet disclosed in order to further support vacation of Judgment."  Mem. at 18.  There is no basis for further discovery here, particularly because, as we have demonstrated, there is absolutely no basis for FGI's Rule 60(b) motion.  "[A] request for discovery for the purpose of attacking a final judgment involves considerations not present in pursuing discovery in a pending action prior to a judgment.  Primary among these considerations is the public interest of the judiciary in protecting the finality of judgments."  *H. K. Porter*, 536 F. 2d at 1118.  A Rule 60(b) movant is not entitled to "broader discovery so that it can fish for other documents arguably within the class of documents which it could have requested in pretrial discovery. *We do not consider the granting of post-judgment discovery a proper vehicle for reviewing the integrity of pretrial discovery*."  *Id.* (emphasis added).  The fact that FGI is seeking permission to embark on a fishing expedition is illustrated by the immense volume of documents that News America Marketing produced to Valassis—all of which FGI is now seeking.

consideration of] prejudice [if any] to other parties.'" *Hailey v. City of Camden*, 631 F. Supp. 2d 528, 552 (D.N.J. 2009).  The closer the filing of a Rule 60(b) motion is to the one-year outer limit, the more likely that a court will decide that it was not filed within a reasonable time. "Although the fact that a motion was made barely within the one-year time limit gives the court the power to entertain it, as the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show that the delay was 'reasonable.'" *Amoco Overseas Oil v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648, 656 (2d Cir. 1979) (finding that a Rule 60(b) motion filed exactly one year after the judgment was entered was not filed within a reasonable time).  Courts in the Third Circuit have held that the delays of five-and-half months, *Taylor*, 357 B.R. at 364-65, eight months, *Smith v. Ruzzo*, 2009 WL 349162, at *2 (D.N.J. Feb. 9, 2009), and ten months, *In re Olick*, 311 F. App'x 529, 532 (3d Cir. 2008), were unreasonable under Rule 60(b).

Here, the publicly available materials that FGI cites were from the Valassis trial, in which a $300 million jury verdict was rendered in July 2009—almost eight months before FGI filed its Rule 60(b) motion, one day before the one-year anniversary of this Court's final judgment. Moreover, FGI's George Rebh actually *testified* in that trial, by means of a June 2009 video deposition that Valassis counsel submitted to the Michigan court.  However, neither FGI's motion nor Rebh's supporting affidavit even mention that July 2009 verdict.

FGI's motion papers give the impression that FGI knew nothing about the Valassis litigation until January 2010.  However, it strains credulity to think that FGI was unaware of the verdict at the time it was rendered.  Not only did George Rebh testify in that very trial, but the $300 million verdict was widely reported in July 2009.[13]  In short, if the evidence from the

---

[13]     See Geoffrey Rogow, *Hub Group Adds 12%*, Wall St. J., July 24, 2009, at C5; Jennifer Reingold, *Murdoch's marketing firm takes another legal hit*, CNN Money.com, July 24, 2009;

15

Valassis trial that FGI admits was "publicly available" (Mem. at 4 n.4) was "newly discovered" (*id*. at 7) by FGI in January 2010, FGI must have failed to look for that evidence after the widely publicized verdict was rendered in July 2009.  FGI's failure to offer any reason for the nearly eight-month month gap between the Michigan jury's July 2009 verdict and FGI's last-minute Rule 60(b) filing is another reason to deny FGI's motion.  See *Taylor*, 357 B.R. at 365; *Amoco*, 605 F.2d at 656.

## IV.    The Release That FGI Agreed To Should Be Enforced To Bar FGI's Motion.

Finally, the March 2009 Mutual Release that FGI signed as part of the negotiated resolution of this action (a release that FGI did not mention in its motion papers) bars the relief that FGI now seeks.  In the Mutual Release, FGI agreed to

> hereby release[] and forever discharge[] News America from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether based in law or equity, on federal, state, local, foreign, statutory or common law, … whether known or unknown, concealed or not concealed, … that were asserted or that could have been asserted … at any time, in any forum … .

Ex. 1 ¶ 2 (emphasis added).  The release provided specifically that neither party was relying on any representations that were not within the four corners of the document:

> The Parties represent and warrant that they have had the opportunity to consult with counsel regarding the meaning and effect of this Mutual Release.  The Parties further represent and warrant that they have read and understood this Mutual Release, and have not relied upon any other statements or representations regarding this matter other than those expressly stated herein.  The Parties further represent and warrant that they have signed this Mutual Release without duress, coercion, or undue influence by anyone or anything.

---

Chad Halcom, *Valassis Communications wins $300 million verdict against News America*, Crain's Detroit Business, July 23, 2009; Margaret Cronin Fisk, *News Corp. Unit Loses $300 Million Trial to Valassis*, Bloomberg News, July 23, 2009; Steve McClellan, *Valassis Wins $300 Mil. in Case vs. News Corp Unit*, Adweek, July 23, 2009; *A Recap of Valassis v. News America Marketing*, Consumer Goods & Retail Industry Litigation Blog, Aug. 7, 2009.  Valassis formally notified the world of the verdict on the same day that it was rendered, in an 8-K filing with the SEC.  See  http://sec.edgar-online.com/valassis-communications-inc/8-k-current-report-filing/2009/07/23/section8.aspx.

*Id.* ¶ 8.  The Mutual Release provides that it is governed by New York law.  *Id.* ¶ 11.

That Mutual Release should be enforced to preclude the relief that FGI is seeking.  FGI's assertion that it agreed to the negotiated resolution of this action based on News America Marketing's purported misrepresentations that it had produced all relevant documents is not only factually wrong (as shown above), but FGI's contention is barred by the provisions of paragraph 8 of the Mutual Release, in which FGI specifically agreed that it "ha[s] not relied upon any other statements or representations regarding this matter other than those expressly stated herein."

Under New York law, there is a "rule that where the release agreement contains a disclaimer clause in which the releasor expressly disclaims reliance upon any representations made outside the four corners of the agreement, the clause prevents the releasor from challenging the release as procured by fraud."  *In re Cendant Corp. Sec. Litig.*, 72 F. Supp. 2d 498, 502 (D.N.J. 1999).  In *Fonseca v. Columbia Gas Sys.*, 37 F. Supp. 2d 214 (W.D.N.Y. 1998), the plaintiff and the defendant had entered into a settlement agreement that included a provision whose language mirrors the language of paragraph 8 of the Mutual Release:

> Plaintiff expressly warrants that in making this settlement he has received the benefit of advice of counsel of his own choosing, and no promise or representation of any kind or character has been made by any of the parties released or by anyone acting on their behalf, except as is expressly stated in this instrument.

*Id.* at 229.  The court held that this clause barred the plaintiff's subsequent assertion of fraud, explaining that, under New York law, "[t]his is precisely the kind of language found by the courts … to be sufficient to bar a releasor's claim of fraudulent inducement."  *Id.*  See also *Cohan v. Sicular*, 625 N.Y.S.2d 278, 280 (App. Div. 1995) (fraud claim barred by release stating that "'after full investigation, neither party [is] relying upon any statement made by anyone else that is not set forth in this contract'").  Enforcement of a disclaimer-of-reliance clause is particularly warranted when, as here, it was included in a negotiated agreement "between

17

sophisticated business people." *Citibank v. Plapinger*, 485 N.E.2d 974, 977 (N.Y. 1985).

The Mutual Release states specifically that FGI "ha[s] not relied upon any other statements or representations regarding this matter other than those expressly stated herein." Ex. 1 ¶ 8.  As a result, FGI cannot now claim to have relied on other representations—namely, representations about production of documents during discovery ***several years earlier***—that are not set forth in the Mutual Release itself.  *Fonseca*, 37 F. Supp. 2d at 229; *Cohan*, 625 N.Y.S.2d at 280.

## CONCLUSION

For all of the reasons set forth above, the Court should deny FGI's Rule 60(b) motion, and should enforce the Mutual Release that FGI voluntarily agreed to in March 2009.

Respectfully submitted,


s/ STEVEN P. GOODELL
HERBERT, VAN NESS, CAYCI & GOODELL
Counsel for News America Marketing In-Store
Services LLC and News America In-Store LLC

Dated: March 22, 2010